CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED for Charlottesville
MAY 19 2005
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DEBORAH A. DOUGLASS,<br><br>*Plaintiff,*<br><br>v.<br><br>SHAWN HILL;<br>TIMOTHY SANOK;<br>GREGORY PITTSENBARGER;<br>W.L. MORRIS;<br>GREEN COUNTY SHERIFF'S DEPARTMENT,<br><br>*Defendants.* | CIVIL ACTION NO. 3:05-CV-00018<br><br><br>ORDER AND OPINION<br><br><br>JUDGE NORMAN K. MOON |

On April 25, 2005, this Court entered an Order requiring Plaintiff Deborah Douglass to show cause why the Court should not dismiss Plaintiff's action against Defendant Shawn Hill for improper service. On March 19, 2004, Plaintiff Deborah Douglass, acting *pro se*, filed this action in the Circuit Court of Greene County. This case subsequently was removed to this Court on April 5, 2005. Plaintiff did not serve process on Defendant Shawn Hill until more than one year after the commencement of the lawsuit. Service of process made more than one year after the commencement of the lawsuit violates Virginia law, unless the court finds that the plaintiff exercised due diligence to timely serve the defendant. *See* Va. Code Ann. § 8.01-275.1 (Michie 2000) ("Service of process on a defendant more than twelve months after the suit or action was

commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant."); Va. Sup. Ct. R. 3:3 ("No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.").

In order to comply with the Court's April 25, 2005 Order to Show Cause, Plaintiff was required to respond by May 17, 2005, indicating her efforts to serve process on Hill and showing that she exercised due diligence in attempting to timely serve him. Plaintiff has failed to respond to the Court's Order within the required time period. Because Plaintiff has failed to respond, the Court cannot find that Plaintiff exercised due diligence to timely serve Hill. Accordingly, Plaintiff's action against Defendant Shawn Hill is DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

The Clerk of the Court is directed to send a copy of this Order to all parties.

ENTERED: *[signature]*
U.S. District Judge

May 19, 2005
Date